**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Quinton L. Nunn, | No. CV-22-00287-TUC-JGZ |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Pending before the Court is a Report and Recommendation (R&R) issued by Magistrate Judge Maria S. Aguilera. (Doc. 18.) Magistrate Judge Aguilera recommends dismissing Petitioner Quinton Nunn's § 2254 Petition for Writ of Habeas Corpus. (*Id.*) Nunn filed an Objection, (Doc. 19), and Respondents filed a Response (Doc. 20). Upon review of the Objection and the record, the Court will overrule the Objection, adopt the R&R, and dismiss Nunn's Petition.

**I.    Standard of Review**

When reviewing a Magistrate Judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed.

R. Civ. P. 72. Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider newly raised arguments is discretionary. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000).

## II.  Background

There were no objections to Magistrate Judge Aguilera's statement of the underlying facts or procedural history. Accordingly, the Court will adopt the statement of the facts and procedural history set forth in the R&R. (Doc. 18 at 1–2.)

## III.  Discussion

In his Petition, Nunn presented two claims for relief. In Claim One, he asserted that trial counsel was ineffective for failing to object to improper questioning and testimony at the May 2019 trial. (Doc. 18 at 2.) In Claim Two, he asserted that the trial court violated his due process rights by enhancing his sentences based on prior convictions he does not have. (*Id.*) In the R&R, Magistrate Judge Aguilera concluded that both claims were procedurally defaulted without excuse and that both claims lacked merit. (*Id.*)

In his one-paragraph Objection to the R&R, Nunn challenges Magistrate Judge Aguilera's conclusion that Claim Two lacks merit, arguing that the State failed to prove his prior convictions at the prior-convictions hearing. (Doc. 19.) Nunn does not challenge Magistrate Judge Aguilera's conclusion that Claim Two is procedurally defaulted, which conclusion provides a sufficient basis, in and of itself, to dismiss the claim. For the reasons that follow, the Court will overrule the Objection.

### 1.  Procedural Default

The Court will ordinarily deny a federal habeas petition when a petitioner has procedurally defaulted a claim in state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991). A claim is procedurally defaulted if it is unexhausted and state procedural rules would now bar the petitioner from bringing the claim in state court. *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (en banc). To exhaust a claim, the petitioner must "fairly present" it to the state courts by providing both the factual and legal basis for the claim. *Walden v. Shinn*, 990 F.3d 1183, 1196 (9th Cir. 2021). Further, the claim exhausted in state court

must be the "substantial equivalent" of the claim raised in federal court, raising the same "ultimate question for disposition." *Lopez v. Schriro*, 491 F.3d 1029, 1040 (9th Cir. 2007); *Picard v. Connor*, 404 U.S. 270, 277 (1971). The cause and prejudice rule excuses procedural default if the petitioner can show that: (1) there was an external impediment that prevented his counsel from raising the claim; and (2) the error created an actual and substantial disadvantage. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *United States v. Frady*, 456 U.S. 152, 170 (1982). The cause and prejudice standard extends to pro se litigants because allowing them to bring claims directly to federal court would be "contrary to the principles of comity underlying the cause and prejudice rule." *Schneider v. McDaniel*, 674 F.3d 1144, 1153–54 (9th Cir. 2012) (quoting *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 908 (9th Cir. 1986)).

Nunn's claim that the State failed to prove his prior convictions (Claim Two) is procedurally defaulted because Nunn failed to present this claim to the state court. Nunn failed to present arguments regarding his prior convictions in either his state petition for Post-Conviction Relief or his petition for review by the Arizona Court of Appeals. (*See generally* Doc. 10-5 at 2–25, 49–66.) The first time Nunn presented this claim was in his federal habeas petition, where he argued that he did not have these convictions and "[i]f not for this error of Justice [he] would have received a lighter sentencing according to the sentencing guidelines." (Doc. 1 at 5.) The Court agrees with Magistrate Judge Aguilera that Claim Two is procedurally defaulted because in state court, Nunn focused only on the lawfulness of his convictions, whereas in this Court, he focused on the lawfulness of his sentencing enhancements. (Doc. 18 at 3.) Because these claims are not the "substantial equivalent" of each other, and because Nunn did not provide an excuse for his failure to raise the claim in state court, it is too late to raise it now. *See Lopez*, 491 F.3d at 1040.

### 2. Merits

Even if a petitioner has not exhausted available state remedies, a court may deny a habeas petition on its merits. 28 U.S.C. § 2254(b)(2). The burden of proof is on the petitioner, and he must provide specific facts that support his claim. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) ("Conclusory

allegations . . . do not warrant habeas relief.").

Magistrate Judge Aguilera recommended dismissal of Claim Two on the merits because Nunn failed to provide facts in support. Nunn claimed that the State did not prove his prior convictions, stating in his Petition that his first conviction occurred in 1998 in Mississippi, where he served eight years. (Doc. 1 at 7.) But, as Magistrate Judge Aguilera explained, Nunn's Mississippi convictions are immaterial because Nunn's sentence was enhanced based on his prior convictions in Maricopa County, Arizona. (Doc. 18 at 7.) "These prior convictions are not undermined by the Mississippi sentences, because those sentences ended before the offense conduct in the Arizona cases." (*Id.*)

In his Objection to the R&R, Nunn asserts that the State expert used the Exhibit 1 fingerprint card, (Doc. 10-1 at 26), to match his fingerprints, but "[t]his exhibit clearly shows that the information on it, did not belong to Mr. Nunn." (Doc. 19.) Nunn does not explain what information on the card is not accurate or how it is inaccurate. The fingerprint card states that it contains the fingerprints of "Nunn Quinton." And the record shows that, at the prior-convictions trial, forensic scientist Cindistar Hickman from the Arizona Department of Public Safety, testified that the fingerprints in Exhibit 1 were sufficient to do an analysis with, and that they matched with Nunn's fingerprints taken from sentencing minute entries in his three prior Maricopa County criminal cases. (Docs. 10-6 at 284–301; 10 at 18.) The State submitted as supplementary disclosure the indictments, plea agreements, and sentencing orders related to these three convictions. (*See generally* Doc. 10-2.) For each, there is a sentencing order to which Nunn affixed his fingerprint. (*Id.* at 20, 62, 82.) Based on this evidence, the trial court found that Nunn had previously been convicted of three felonies in Maricopa County: Case No. CR2013114443—Misconduct Involving Weapons; Case No. CR2009128114—Misconduct Involving Weapons; and Case No. CR2008155705—Solicitation to Commit Forgery. (Docs. 10-1 at 21; 10-3 at 32–33.)

In support of his assertion that the fingerprint card is inaccurate, Nunn further states that "[t]he record will reflect that Mr. Nunn was absent for trial as well as sentencing. (June 7, 2019.)." (Doc. 19.) Although not clear, it appears that Nunn is arguing that the

fingerprints on Exhibit 1 did not belong to him because he was absent at trial and sentencing, and therefore not available to provide prints. (*Id.*)  However, the Exhibit 1 fingerprint card states that the prints were obtained on May 10, 2019, which was not a trial or sentencing date.  Moreover, Nunn does not deny that his prints were taken on May 10th, 2019, or explain where he was that he could not have provided the prints.

In sum, Nunn's Objection does not raise a colorable challenge to Magistrate Judge Aguilera's denial of Claim Two on the merits.  Nunn's conclusory allegations do not provide a basis for relief.  *See Jones*, 66 F.3d at 204.

### 3. Certificate of Appealability

A certificate of appealability is required before a Petitioner may appeal a district court's final order in habeas corpus proceedings that arise out of detention ordered by a state court. 28 U.S.C. § 2253. Pursuant to Rule 11(a) in the Rules Governing Section 2254 cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED:**

1. The Report and Recommendation (Doc. 18) is **adopted.**

2. Nunn's Petition for Writ of Habeas Corpus (Doc. 1) is **dismissed.**

3. In the event Petitioner files an appeal, the Court **denies** issuance of a Certificate of Appealability.

4. The Clerk of Court must enter judgment accordingly and **close** its file in this action.

Dated this 25th day of July, 2023.

_____
Honorable Jennifer G. Zipps
United States District Judge